IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| PAPST LICENSING GMBH & CO., KG, | § § § | |
| Plaintiff, | § § § | CIVIL ACTION NO. 6:15-CV-01095-RWS |
| v. | § § | LEAD CASE |
| APPLE, INC., et al., | § § § § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s (collectively, "Samsung") Motion to Stay Case Pending Federal Circuit's Appeals Or, Alternatively, Motion for Partial Stay and Motion for Leave to File Motion for Summary for Summary Judgment of Invalidity (Docket No. 708). Defendants Lenovo (United States) Inc. ("Lenovo") and Motorola Mobility LLC ("Motorola") joined the motion (Docket No. 710).

For the reasons explains below, the Court **GRANTS-IN-PART** the motion to stay as to U.S. Patent Nos. 6,470,399 ("the '399 patent"), 8,504,746 ("the '746 patent"), 8,966,144 ("the '144 patent"), and 9,189,437 ("the '437 patent"), **DENIES-IN-PART** the motion with respect to U.S. Patent No. 6,895,449 ("the '449 patent"), and **DENIES** Samsung's Motion for Summary Judgment of Invalidity (Docket No. 709).

Accordingly, the Court hereby **SEVERS** claims 1 and 17 the '449 patent into a new separate cause of action.

## BACKGROUND

On November 30, 2015, Papst filed the instant action against Samsung (Case No. 6:15-cv-1102) and Lenovo and Motorola (Case No. 6:15-cv-1111) alleging infringement of a number of

claims of the '399, '449, '746, '144 and '437 patents. These suits, along with suits filed against Defendants Huawei, LG and ZTE, were consolidated with the lead action against Apple, Inc. (Case No. 6:15-cv-1095) for pretrial purposes, except venue. Docket No. 47. Jury selection and trial in this matter were set for November 13, 2017.

Samsung first sought a stay of this case on January 3, 2017 (Docket No. 204). The Court denied the motion on June 16, 2017.[1] Docket No. 388. Thereafter, on June 19, 2017, Samsung filed a motion to reconsider the denial of the motion to stay. Docket No. 391. Dispositive motions were due the following day, and the Court heard argument on the dispositive motions and motion to reconsider on September 12, 2017. Docket No. 622. On October 17, 2017, the Court entered an order continuing the trial setting and instructing the parties to inform the Court of their availability for trial in 2018. Docket No. 655.

Papst has also asserted the '399 and '449 patents against several digital camera manufacturers in a Multi-District Litigation (MDL) currently pending in the District Court for the District of Columbia. *In re Papst Licensing GmbH & Co. KG Patent Litigation*, MDL No. 1880, Case No: 1:07-mc-793-RDM. Between June 14, 2016 and December 29, 2017, a number of Defendants in this action and in the MDL filed a combined 37 petitions for *inter partes* review, including two IPR petitions against the '449 patent.

Defendants Huawei, LG and ZTE filed IPR2017-00415 (the "ZTE IPR") against the '449 patent on December 6, 2016, which was instituted on May 17, 2017. Olympus, a defendant in the MDL action, also filed a separate IPR against the '449 patent on June 16, 2017, which the PTAB instituted October 17, 2017 and joined with the ZTE IPR. On December 29, 2017, Samsung, along

---

[1] Lenovo and Motorola did not join Samsung's first motion to stay (Docket No. 204). Lenovo and Motorola moved to join the stay after the Court had already denied the motion (Docket No. 434).

with other defendants in the MDL, filed IPR2018-00410 against the '449 patent and filed a motion to join ZTE's IPR.

ZTE's IPR was terminated by the PTAB on January 18, 2018, after Papst had settled its disputes with Defendants Huawei, LG and ZTE in the instant litigation. ZTE IPR, Paper 32; *see also* Docket Nos. 584, 674, 687 and 688. Subsequently, the PTAB dismissed-as-moot Samsung's motion to join ZTE's IPR and denied institution of the petition. *See* IPR2018-00410, Paper No. 15. Lenovo and Motorola never sought to joint an IPR of the '449 patent.

The PTAB has since issued 14 final written decisions. It has found all instituted claims unpatentable, including all claims of the '399, '746, '144, and '437 patents asserted in this case. All of the IPRs filed against the '449 patent have been terminated, and none of the claims of the '449 patent have been invalidated by the PTAB or are subject to PTAB proceedings.

Samsung filed this motion to stay on April 30, 2018, and withdrew its previously-filed motion to reconsider in view of this motion. *See* Docket No. 712.

**APPLICABLE LAW**

A district court has the inherent power to control its own docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This inherent power includes "the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). In deciding whether to grant a stay pending *inter partes* review, courts typically consider: (1) whether the stay will unduly prejudice the nonmoving party; (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set; and (3) whether the stay will likely result in simplifying the case before the court. *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.) (citing *Lennon Image Techs., LLC v. Macy's Retail Holdings,*

*Inc.*, No. 2:13-cv-235, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 17, 2014); *Market–Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*, 922 F.Supp.2d 486, 489 (D. Del. 2013); *Soverain Software LLC v. Amazon.com*, Inc., 356 F.Supp.2d 660, 662 (E.D. Tex. 2005)). The present motion for a stay pending the appeal of the PTAB's final written decisions of '399, '746, '144 and '437 patents is analyzed under the same three-factor test as a motion to stay pending IPR. *Motion Games, LLC v. Nintendo Co., Ltd.*, Case No. 6:12-cv-878-RWS-JDL, 2015 WL 13404313 (E.D. Tex. June 8, 2015). The party seeking the stay bears the burden of showing that the stay is appropriate. *Landis*, 299 U.S. at 254–55

**DISCUSSION**

**I.     MOTION TO STAY**

Samsung seeks a stay of the entire case. Alternatively, if the parties proceed to trial on claims 1 and 17 of the '449 patent, Samsung requests leave to file a motion for summary judgment of invalidity on these two claims. Docket No. 708 at 5. The Court first addresses the motion to stay. Papst has agreed to a stay of the case as to all of the claims of the '399, '746, '144 and '437 patents invalidated by IPR, but opposes a stay as to claims 1 and 17 of the '449 patent. Docket No. 716 at 1. Accordingly, the Court **GRANTS AS AGREED** Samsung's motion (Docket No. 708) with respect to the '399, '746, '144 and '437 patents. The Court next examines the three factors relevant to granting a stay of claims 1 and 17 of the '449 patent.

**1.  Undue Prejudice to the Non-Moving Party**

The first factor, whether a stay will unduly prejudice or present a tactical disadvantage to Papst, weighs against staying the case. Samsung argues that Papst would suffer little prejudice because Papst is a patent licensing entity that does not compete with Samsung and that, therefore, monetary relief would be sufficient to compensate Papst for any injury to its patents. Docket No.

708 at 10–11. Courts have recognized a plaintiff's general interest in timely enforcement of a patent, though the delay in the vindication of patent rights, on its own, is not sufficient to defeat a stay motion. *See NFC Tech. LLC*, 2015 WL 1069111, at *2–3 (Bryson, J.) (collecting cases); *see also Trover Group, Inc. v. Dedicated Micros USA*, Case No. 2:13-cv-1047-WCB, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.); *VirnetX Inc. v. Apple Inc.*, Civil Action No. 6:12-cv-00855-RWS, 2018 WL 398433 (E.D. Tex. Jan. 12, 2018). However, the additional prejudice that would be suffered if this case were to be stayed as to the '449 patent pending exhaustion of appeals of the other four patents is considerable. *Network-1 Sec. Sols., Inc. v. Alcatel-Lucent USA Inc*, 6:11-cv-492, 2015 WL 11439060, at *5 (E.D. Tex. Jan. 5, 2015) ("the additional delay that would be incurred by maintaining the stay pending exhaustion of appeals is considerable"); *see also Smart Modular Techs., Inc. v. Netlist, Inc.*, No. 2:12-cv-02319-TLN-EFB, 2016 WL 5159524, at *3 (E.D. Cal. Sept. 21, 2016) (finding "the additional delay that would be incurred by continuing the stay pending exhaustion of appeals is significant").

Samsung also argues that it would be a waste of judicial resources to proceed to trial on claims that are subject to review by the Federal Circuit on appeal. Docket No. 708 at 11–14. In light of the Court's decision to sever claims 1 and 17 of the '449 patent and to proceed to trial on those two claims only, these concerns are largely resolved with respect to the '399, '746, '144 and '437 patents. As to the '449 patent, Samsung relies on *Motion Games* to argue that these claims should also be stayed pending appeal of the PTAB's final written decisions. *Id*. at 13 (citing *Motion Games*, 2015 WL 13404313, at *1). In *Motion Games*, the Court found that the prejudice to the plaintiff in staying the litigation was "significantly outweighed by a determination that patent claims are invalid by the 'expert agency' in the field." 2015 WL 13404313, at *1. Here, however,

there has been no determination that claims 1 or 17 of the '449 patent are invalid—nor are these claims even subject to any pending IPR.

Aside from the prejudice relating to the delayed enforcement of its patent rights, Papst argues that, without Samsung having agreed to a full statutory estoppel under 35 U.S.C. §315, *see* Docket No. 440, it would be unduly prejudiced because Samsung would benefit from a stay of the '449 patent while also "retain[ing] the right to present a full-blown prior art case" against the '449 patent after the proposed stay lifts. Docket No. 715 at 13–14 (quoting *Intellectual Ventures II LLC v. Kemper Corp. et al,* 6:16-cv-00081-JRG, Docket No. 57 at 7 (E.D. Tex. Nov. 7, 2017)). The Court agrees. The PTAB denied Samsung's petition to join the ZTE IPR against the '449 patent, and Samsung only conditionally agreed to be estopped under 35 U.S.C. § 315(e)(2) if the Court also granted its motion for reconsideration for a stay (Docket No. 440). Samsung has since withdrawn that motion (Docket No. 712) and is not subject to statutory estoppel.

Finally, Papst argues that it would be unduly prejudiced by a stay because a stay would likely result in the loss of evidence. Docket No. 715 at 14. Papst claims that some of its expert witnesses may be unavailable in the future. *Id*. Papst's speculation that evidence may be lost or witnesses might become unavailable is entitled to some weight, though this concern is general in nature, and does not present an especially strong claim of actual prejudice. *See Trover Group, Inc.*, 2015 WL 1069179, at *2.

On balance, the Court finds that this factor weighs against granting a stay.

**2. Stage of Litigation**

Samsung's arguments for why the stage of the proceedings favors a stay relate primarily to the costs and burdens of going to trial on all five patents-in-suit, which the Court has already

addressed by severing and staying the case with respect to the PTAB-invalidated claims. *See* Docket No. 708 at 14.

Regardless, this case has progressed through claim construction, fact and expert discovery and exchange of pretrial disclosures. Moreover, the Court expects to reset this case for October 2018, in accordance with the Court's calendar and the parties' proposed availabilities. *See* Docket No. 715 at 17; *see also Motion Games*, 2015 WL 13404313, at *1 (finding that this factor did not support a stay and that the case had proceeded to a late stage in the litigation where trial was only four months away and the parties had largely completed claim construction and fact and expert discovery); *cf. NFC Tech.*, 2015 WL 1069111, at *3 (finding that this factor was neutral on other grounds, but noting that the bulk of expenses the parties would incur were still in the future as fact discovery did not close for another month and significant pretrial discovery, filings, motions and other events remained to be completed). With trial to be set approximately three months away, the stage of litigation warrants against a stay.

### 3. Simplification of the Issues

"[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the inter partes review proceeding will result in simplification of the issues before the Court." *NFC Tech.*, 2015 WL 1069111, at *4. This factor focuses on "streamlining or obviating the trial by providing the district court with the benefit of the PTO's consideration of the validity of the patents before either the court or the jury is tasked with undertaking the same analysis." *Smartflash LLC v. Apple, Inc.*, 621 Fed. App'x. 995, 1000 (Fed. Cir. 2015).

A stay would do little to simplify the issues in this case. The '449 patent is not subject to any current IPR proceeding, and none of the claims of the '449 patent have been invalidated. Claims 1 and 17 of the '449 patent will remain valid regardless of the outcome of the other IPR

decisions on appeal. Recognizing this, Samsung instead argues that the '449 patent substantially overlaps with claims found unpatentable by the PTAB and that many of the terms used in the '449 patent are identical to terms at issue in the pending IPR appeals. Docket No. 718 at 4. Samsung specifically identifies two terms, "customary" and "communication," as terms at issue in the IPR appeals. *Id*. Samsung also argues that the Federal Circuit's analysis of the scope and content of the identical prior art references will inform these proceedings. *Id*.

Samsung fails to demonstrate how or why the "customary" and "communication" terms are relevant to the issue of simplification. The Court did not address construction of a "communication" term in its *Markman* order.[2] *See* Docket No. 275. Nor has Samsung shown that the "customary" term construed by the Court is at issue in the appeals. As to the prior art references, though the PTAB found claims 1, 3, 5, 11 and 14 of the '399 patent unpatentable under § 103 for obviousness based on a Kawaguchi/Schmidt combination, *see* Docket No. 709-7 at 7, neither Samsung nor Motorola has elected this specific combination with regard to the '449 patent. *See* Docket No. 716-6 (Ex. F) at 3. Accordingly, Samsung has not demonstrated, beyond a general assertion that "the issues here include the same specification and sole inventor, many of the same disputed claim terms and prior art, and the same accused products," that estoppel would preclude further litigation of the '449 patent.

Samsung's Final Election of Prior Art suggests that there are a number of invalidity theories asserted against the '449 patent which are outside of the limited scope under which the

---

[2] The Court construed the "customary" term found in Claim 1 of the '399 as "whereupon the host device communicates with the interface device by means of the driver for the input/output device normally part of commercially available computer systems at the time of the invention" and rejected Defendants' proposed construction of "whereupon communication between a host device and the interface device occurs using a generic driver for a class of generic input/output devices typically found on the host device at the time of the invention, such as hard disks, graphics devices, printers, floppy disk drives, CD-ROM drives, or tape drives." Docket No. 275 at 25, 49. However, the dispute regarding the "customary" term was whether the term is limited to "at the time of the invention," and was not related to "communication" between the host device and the interface device.

PTAB instituted review of '399 patent.  *See* Ex. F. at 3.  As a result, this is not a situation where appellate review of PTAB-invalidated claims would simplify the case by resolving key claim construction issues over which the Court and the PTAB differ, *Motion Games*, 2015 WL 13404313, at *1, or where a stay is appropriate even though IPR has not been instituted against all of the claims of the asserted patents, *NFC Tech*, 2015 WL 1069111, at *7.[3]  Samsung has not shown that any issues pertaining to the '449 patent would be simplified by staying this case pending resolution of appeal of the final written decisions of '399, '746, '144 and '437 patents.  But even if the results of further appeals did affect the issues litigated here, "the interests of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case indefinitely on hold."  *Personal Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 629 (E.D. Tex. 2017) (citing *EMG Tech., LLC v. Apple, Inc.*, 2010 WL 10029483, at *8–9 (E.D. Tex. Nov. 15, 2010)).  Accordingly, this factor weighs against granting a stay.

Samsung has not met its burden to show that a stay of the '449 patent is appropriate.  Each factor weighs against granting a stay.  Accordingly, Samsung's motion (Docket No. 708) is **DENIED** with respect to the '449 patent.

## II.     MOTION FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure states that "a party may move for summary judgment at any time until 30 days after the close of all discovery . . . unless a different time is set by local rule or the court orders otherwise." FED. R. CIV. P. 56(c)(1).  Rule 6 states that a court "may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B).  Relevant factors used to determine "excusable neglect" include: "the danger of prejudice to the [non-movant], the length

---

[3] In *NFC*, the defendant filed a petition for newly-asserted claims to be added to the existing IPR proceeding, and the court noted that it seemed possible that those claims would be added to the review.  2015 WL 1069111, at *7

of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993); *Adams v. Travelers Indem. Co. of Conn.,* 465 F.3d 156, 161 n.8 (5th Cir. 2006).

Samsung argues that good cause exists to file an out-of-time motion for summary judgment on claims 1 and 17 of the '449 patent because the PTAB's decisions finding unpatentable the claims of the '399 patent serve as intervening or changed circumstances. Docket No. 708 at 18.

First, for the same reasons the Court does not find that a stay would simplify the substantive issues in this case, *supra* Section I. 3., the Court finds unpersuasive Samsung's arguments that leave to file an out-of-time summary judgment motion is warranted because the claims of the '449 patent are "remarkably similar" to the claims of the '399 patent or because claims 1 and 17 of the '449 patent are subject to invalidation based on the prior art references used in the '399 patent IPRs. *See id.* at 18–19. Second, Samsung could have filed a motion for summary judgment of invalidity of the '449 patent at the time dispositive motions were due and presented to the Court the same arguments that it made in its instituted IPR against the '399 patent. Samsung made a strategic decision not to do so. Instead, Samsung sought to join the ZTE IPR against the '449 patent. That the PTAB ultimately denied Samsung's motion to join or later found the claims of the '399 patent to be unpatentable are not intervening circumstances that give rise to good cause to now allow Samsung to file a motion for summary judgment over a year after dispositive motions were due. Samsung's delay in filing this motion is also not cured by the fact that a continuance may not be needed if the Court allowed Samsung to file its out-of-time motion.

The case to allow Lenovo and Motorola to join the motion for leave to file out-of-time is even less compelling. Indeed, Lenovo and Motorola did file a motion for summary judgment of

invalidity of the '746, '144 and '437 patents, and could have filed a similar motion of the '399 or '449 patents, but also made a strategic decision not do so.

Samsung cites to no authority that would support the proposition that a PTAB decision invalidating claims of one patent amounts to good cause to file a motion for summary judgment of a related patent. Samsung also has not demonstrated that filing this motion over 12 months after the dispositive motions deadline constitutes excusable neglect or that it acted in good faith. Accordingly, the motion is **DENIED.**

## CONCLUSION

In sum, Samsung has not carried its burden to show that a stay of the '449 patent is warranted pending appellate review of the PTAB's decisions invalidating the asserted claims of the '399, '746, '144 and '437 patents. Each factor weighs against a stay. Accordingly, Samsung's motion to stay is **GRANTED-IN-PART BY AGREEMENT** with respect to the '399, '746, '144 and '437 patents and **DENIED-IN-PART** as to the '449 patent. Moreover, Samsung has not demonstrated good cause to file a motion for summary judgment out-of-time and accordingly, the motion (Docket No. 709) is **DENIED.**

The Court hereby **SEVERS** claims 1 and 17 the '449 patent into a new separate cause of action against Samsung, Lenovo and Motorola. The Clerk of the Court is directed to enter Plaintiff's First Amended Complaint against Samsung (Docket No. 21, 6:15-cv-1102), Plaintiff's First Amended Complaint against Lenovo and Motorola (Docket No. 17, 6:15-cv-1111) and the Protective Order (Docket No. 107, 6:15-cv-1095) in the newly-severed case. The Clerk of the Court is further directed to waive payment of a filing fee for the severed case. A scheduling order will be forthcoming in the newly-severed action.

It is further **ORDERED** that the lead case (Case No. 6:15-cv-1095) is **STAYED and ADMINISTRATIVELY CLOSED** pending the Federal Circuit's final decision on appeal of the invalidated claims of the '399, '746, '144 and the '437 patents, or until subsequent order of this Court. All pending motions in the lead case are **DENIED WITHOUT PREJUDICE**. The parties may re-file any motion denied without prejudice within **fourteen (14) days** of any Court Order lifting the stay. Any party may request that the Court re-open the lead case and lift the stay upon a final decision from the Federal Circuit as to the '399, '746, '144 and '437 patents.

**So ORDERED and SIGNED this 1st day of August, 2018.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE