FILED UNDER SEAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| PAPST LICENSING GMBH & CO. KG, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No. 6:18-cv-0388-RWS (LEAD) |
| | § |
| SAMSUNG ELECTRONICS CO., LTD, et al. | § |
| | § |
| | § |
| Defendants. | § |

**PLAINTIFF'S RESPONSE TO SAMSUNG DEFENDANTS' MOTION TO STRIKE CERTAIN PORTIONS OF THE EXPERT REPORTS OF ROBERT ZEIDMAN**

**FILED UNDER SEAL**

**INTRODUCTION**

Samsung Defendants (collectively, "Defendants") seek to strike portions of the Zeidman Reports relying on source code because Local P.R. 3-1(g) purportedly required Papst to identify this source code as evidence in its infringement contentions; and Papst did not. This is not the law. This Court has squarely rejected Defendants' interpretation that Local P.R. 3-1(g), once invoked, always requires infringement contentions to identify source code, ruling: "… P.R. 3.1(g) does not create an obligation to identify corresponding source code."[1] This Court agreed with Judge Payne that

> The Rule does not, however, bind a party that refers to a claim element as a "software limitation" to later identify corresponding source code. The Rule merely gives the party a delayed option of doing so. If a party discloses how a "software limitation" is *met without reference to source code, and the party's disclosure otherwise meets Local Patent Rule 3-1's requirements*, there may be no need to later update infringement contentions with references to source code. [2]

Additionally, neither Local P.R. 3-1(c) nor 3-1(g) requires Papst to marshal any or all available evidence in its infringement contentions—including publicly available source code. Defendants' motion to strike the portions of the Zeidman Reports rests on these faulty premises and should be denied on the following grounds:

- As Papst's infringement contentions provided sufficient notice of Papst's infringement theories—even absent an identification of source code—under P.R. 3-1(g), Papst is not bound to identify therein Defendants' source code that merely serves as additional evidence supporting these theories.

- Likewise, even if certain source code was publicly available at the time of Papst's infringement contentions, neither P.R. 3-1(c) or P.R. 3-1(g) required Papst to identify it because Papst's infringement contentions otherwise complied with P.R. 3-1.

---

[1] *Elbit Sys. Land & C4i Ltd. v. Hughes Network Sys., LLC*, No. 2:15-CV-00037-RWS, 2017 WL 4693971, at *6 (E.D. Tex. July 31, 2017).
[2] *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-CV-00037-RWS-RSP, 2017 WL 2651618, at *9 (E.D. Tex. June 20, 2017) (J. Payne) (emphasis added)

1

**FILED UNDER SEAL**

**BACKGROUND FACTS**

The asserted claims of the patent asserted against Defendants in this case—6,895,449 (the "'449 Patent" or the patent-in-suit)—is generally directed toward systems for the transfer of data, in particular communication between a computer or host device and a data transmit/receive (or "input/output") device from which data is to be acquired or with which two-way communication is to take place.[3] As to Defendants, infringement relates to their tablets, cellular telephones, and smartphones communicating data with a computer or other host device through USB or other physical layer connection.[4]

Defendants are not newcomers to this patent. Papst notified Samsung Defendants of their infringement of the '449 Patent in March 2006. To add to Defendants' nearly decade-long knowledge of Papst's patent, Papst served over 15,000 pages of detailed infringement contentions in this case related to the '449 Patent.[5] Among other information, Papst's infringement contentions rigorously describe the functionalities of various cell phone and tablet components that alone or together meet the claimed limitations. Papst's contentions reference publicly available technical information such as user guides and product manuals, publicly available technical standards, and certain publicly available teardowns. Papst's defensive references to Rule 3-1(g) in its infringement contentions preserved Papst's opportunity to later identify source code if needed. It was not. With the wealth of information in Papst's infringement contentions, Defendants should have no doubt about Papst's infringement theories.

In his reports, Mr. Zeidman's source code analysis provides additional evidence and detail

---

[3] (*See* Doc. No. 21 at ¶ 8.) in Case No. 15-cv-1099; (*See* Doc. No. 21 at ¶ 8.) in Case No. 15-cv-1102;
[4] (*See* Doc. No. 21 at ¶¶ 19–20, 25–26, 31–32, 37–38, 43–44.) in Case No. 15-cv-1099; (*See* Doc. No. 21 at ¶¶ 19–20, 25–26, 31–32, 37–38, 43–44.) in Case No. 15-cv-1102.
[5] Papst's Second Amended Infringement Contentions (as corrected) served on April 28, 2017 (after claim election) to Samsung contain 143 separate charts consisting of over 4,700 pages.

**FILED UNDER SEAL**

regarding the theories contained in Papst's infringement contentions, and within those theories, the functionalities of certain cell phone and tablet components that use software. Mr. Zeidman's reports do not raise new infringement theories for the first time.[6]

## ARGUMENT

In their motion, Defendants contend that Papst has failed to satisfy Local P.R. 3-1. Defendants' arguments misstate the facts and misapply the law. Infringement contentions are intended to provide notice of a plaintiff's infringement theories and need not set forth a *prima facie* case of infringement. As described herein, Papst's infringement contentions are more than sufficient to provide Defendants with this required notice of its infringement theories—even without reference to source code. Because Mr. Zeidman's source code analysis merely provides additional evidence regarding these theories, Papst's infringement contentions are not grounds to strike portions of Mr. Zeidman's reports. As addressed separately below for Defendants' non-public source code and publicly available Android source code, this Court should deny Defendants' motion.

### A. Mr. Zeidman's Analysis of Defendants' Source Code Merely Provides Additional Evidence of Infringement Theories Previously and Fully Disclosed in Papst's Infringement Contentions

Defendants claim that once, Papst "invoked [P.R. 3-1(g)], it must supplement its infringement contentions within 30 days of the production of source code."[7] Defendants cite *SSL Servs., LLC v. Cisco Sys., Inc.*[8] as supporting this interpretation of P.R. 3-1(g). Defendants are incorrect. As this Court held in denying objections to Judge Payne's report and recommendation

---

[6] As an example, *See* (Ex. 1 , Papst's infringement contentions for the Samsung BlackJack II Accused Device); *See also* (Ex. 2, Mr. Zeidman's April 21, 2017 Opening Report for Samsung and the charts accompanying that report for the Samsung BlackJack II Accused Device.) For the Samsung BlackJackII, Mr. Zeidman's source code citations can be found on at least the following pages (with explanations following): '449 Patent: Zeidman-Samsung-048776-8 and Zeidman-Samsung-048809-10. Plaintiff can provide additional examples as would assist the Court.
[7] (Doc. No. 393 at 7.)
[8] 2016 WL 727673, *7 (E.D. Tex. Feb. 24 2016)(Payne, J.)

3

in *Elbit*, "P.R. 3.1(g) does not create an obligation to identify corresponding source code."[9] Judge Payne found in *SSL Servs., LLC* and later explained in *Elbit*, Plaintiff's invoking P.R. 3-1(g) need cite to source code only when "plaintiff requires access to source code for the accused products in order to [otherwise] comply with its disclosure obligations under Rule 3-1."[10]

This Court has repeatedly recognized that Local P.R. 3-1 is intended to provide notice of a plaintiff's infringement theories to a defendant—not to require a plaintiff to prove a *prima facie* case of infringement.[11] In particular, "the Rules do not require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case […]. Infringement contentions are not intended to require a party to set forth a *prima facie* case of infringement and evidence in support thereof."[12] Nor do the Rules necessarily require "analysis or narrative to provide the accused infringer with sufficient notice of the plaintiff's infringement theories" because in some instances, "[t]he evidence cited in [the plaintiff's] contentions speaks for itself."[13] Papst is not required to identify source code for every element of every claim for every Accused Product. P.R. 3-1(g) does not heighten these requirements—it merely permits patentees who cannot otherwise satisfy P.R. 3-1 an opportunity to do so after reviewing non-public source code. P.R. 3-1(g) states:

---

[9] *Elbit Sys. Land & C4i Ltd. v. Hughes Network Sys., LLC*, No. 2:15-CV-00037-RWS, 2017 WL 4693971, at *6 (E.D. Tex. July 31, 2017).
[10] *SSL Servs., LLC v. Cisco Sys., Inc.*, 2016 WL 727673, at *7.
[11] *See, e.g.*, ROY-G-BIV Corp. v. ABB, Ltd., 63 F. Supp. 3d 690, 699 (E.D. Tex. 2014) (infringement contentions "must be reasonably precise and detailed […] to provide a defendant with adequate notice of the plaintiff's theories of infringement," but "they need not meet the level of detail required, for example, on a motion for summary judgment on the issue of infringement."); *Motion Games, LLC v. Nintendo Co.*, Case No. 6:12-cv-878, Dkt. No. 303 at 4, 2015 U.S. Dist. LEXIS 50511 (E.D. Tex. Apr. 16, 2015) ("Infringement contentions are not intended to act as a forum for argument about the substantive issues but rather serve the purpose of providing notice to the Defendants of infringement theories beyond the mere language of the patent claim."); *Georgetown Rail Equip. Co. v. Holland L.P.*, Case No. 6:13-cv-366-RWS, Dkt. No. 189 at 4-5 (E.D. Tex. Oct. 7, 2014) ("Infringement contentions provide a defendant with notice of a plaintiff's infringement theories. 'Infringement contentions are not intended to require a party to set forth a *prima facie* case of infringement and evidence in support thereof.'") (quoting *Realtime Data, LLC v. Packateer, Inc.*, No. 6:08-cv-144, 2009 WL 2590101, at *5 (E.D. Tex. Aug. 18, 2009)).
[12] *EON Corp. IP Holdings, LLC v. Sensus USA Inc.*, Case No. 6:09-cv-116, Dkt. No. 122 at 4, 2010 U.S. Dist. LEXIS 4973 (E.D. Tex. Jan. 21, 2010).
[13] *SSL Servs., LLC v. Cisco Sys., Inc.*, 2016 WL 727673, at *8.

> **P.R. 3-l(g):** If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

In *Elbit*, this Court agreed with Judge Payne—serving as Magistrate Judge for a case pending before this Court—when considering whether a party that invokes P.R. 3-1(g) is always required to supplement its infringement contentions to include software source code.[14] The Court found that 3-1(g) has a "clear purpose" in that "[t]he Rule affords a party alleging infringement an opportunity to delay compliance with Patent Rule 3-1's requirements for claim elements that may be satisfied by source code that has not yet been produced."[15] The Rule does not, however, "bind a party that refers to a claim element as a 'software limitation' to later identify corresponding source code."[16] Rather, where a party has otherwise fully identified its infringement theories, the Rule "merely gives the party a delayed option of doing so."[17] Indeed, in denying the motion to strike, Judge Payne stated:

> Although Elbit reserved the right to supplement its contentions with later-produced source code, it had no obligation to do so simply because it identified claim elements as "software limitations" or because it believed at the time that further evidence for those limitations would exist in third-party source code. Because Elbit did not violate Rule 3-1(g), Hughes' motion to strike is **DENIED**.[18]

In some cases, source code citations may be required for a plaintiff to present a cogent theory that satisfies the general requirement of Local P.R. 3-1(c)—but that simply isn't the case here. Rule 3-1(c) requires that Papst identify the precise element of any accused product that is

---

[14] *Elbit Sys. Land & C4i Ltd. v. Hughes Network Sys., LLC*, No. 2:15-CV-00037-RWS, 2017 WL 4693971, at *6 (E.D. Tex. July 31, 2017); *Elbit Sys Land and C4I Ltd*, 2017 WL 2651618, at *9.
[15] *Id.* at *9.
[16] *Id*.
[17] *Id.*
[18] *Id.*

**FILED UNDER SEAL**

alleged to practice a particular claim limitation of the patents in suit. *See* Local P.R. 3-1(c). It does not require identification of *every* evidentiary item of proof that might further confirm (or even upon which the plaintiff may ultimately rely to prove) the accused element does in fact practice the limitation.[19]

Because Papst has met its obligations under Local P.R. 3-1 without reference to source code, Papst's infringement contentions provide no basis to strike Mr. Zeidman's report. In its infringement contentions, per L.R. 3-1(c), Papst identified where each element of each asserted claim is found within the Accused Products. Additionally, Papst went well beyond its Rule 3-1(c) obligations and cited to and provided publicly available technical evidence describing how, *inter alia*, each Accused Product performs the claimed limitation. This landslide of evidence included publicly available, non-source code technical documents such as user guides and manuals, publicly available standards, and publicly available product teardowns. Papst's 15,000-plus page infringement contentions far exceed what is required by Local P.R. 3-1.

Defendants' production of non-public source code does not in and of itself trigger a greater obligation for Papst—even if as evidence this source code would further support Papst's infringement theories. Defendants fail to identify any specific sections of Papst's infringement contentions that are deficient absent an identification of source code. Because Papst's infringement contentions gave Defendants the required notice of Papst's infringement theories without source code, Defendants' attempt to impose a higher burden should be rejected. Defendants' Motion is without merit; the Court deny should it.

      **B.**    **Papst Is Not Required to Marshall All Available Evidence in its Infringement Contentions, including Publicly Available Source Code**

Defendants also suggest that Mr. Zeidman's reliance on public source code should be

---

[19] *See, e.g.*, *Realtime Data*, 2009 WL 2590101, at *5.

6

stricken because Papst was required to disclose in its infringement contentions all of the publicly available source code that it intended to rely upon. Defendants are wrong. Courts consistently distinguish between a patentee's disclosure of infringement *theories* based on publicly available evidence—and the marshaling of all the *evidence* to support those theories. [20] For example, after the infringement contention deadline, a patentee cannot usually assert infringement of additional claims against a defendant's products when evidence of that infringement was available to the patentee before the deadline. However, that is a wholly separate analysis from requiring a patentee to prove up in its infringement contentions every asserted theory using every publicly available piece of evidence.

This evidentiary specification is precisely what Defendants improperly argue Papst was required to make with respect to publicly available Android source code. As described above, neither 3-1(c) nor 3-1(g) require a disclosure of any evidence—as long as the disclosure otherwise complies with P.R 3-1. Mr. Zeidman, however, may rely on source code, publicly available or not, in support of Plaintiff's already disclosed theories—even if Papst did not cite this evidence in its infringement contentions.[21]

That Mr. Zeidman does not provide an explicit analysis of Defendants' non-public source code does not provide grounds to strike his source code analysis. ███████████

███████████████████████████████████████████

███████████████████████████████████████████

---

[20] *Core Wireless Licensing, S.A.R.L. v. LG Elecs.*, Inc., No. 2:14-CV-911-JRG-RSP, 2016 WL 3655302, at *4 (E.D. Tex. Mar. 21, 2016)(Rejecting defendant's attempt to strike experts in another matter for relying on evidence not cited in plaintiff's infringement contentions); See also, *EON Corp. IP Holdings*, 2010 WL 346218, at *2.
[21] *Core Wireless Licensing, S.A.R.L.*, 2016 WL 3655302, at *4; see also*, Fenner Investments, Ltd. v. Hewlett-Packard Co.*, 2010 WL 786606, at *2 (E.D. Tex. Feb. 26, 2010) ("The scope of infringement contentions and expert reports are not, however, coextensive. Infringement contentions need not disclose specific evidence nor do they require a plaintiff to prove its infringement case.")(internal citations omitted.).

**FILED UNDER SEAL**

██████████████████████████████████████████████████████████████████████████████.[22]

The Court should deny Defendants' motion.[23]

## CONCLUSION

Papst provided Defendants with 143 revised claim charts containing over 4,700 pages of detailed, technical infringement contentions. Without relying on source code, Papst's infringement contentions provided more than sufficient notice of Papst's infringement theories as required by the Local Patent Rules. Defendants' complaints regarding purported deficiencies with Papst's infringement contentions are unfounded and not supported by the law of this District. For the reasons set forth above, Defendants' motion should be denied.

Dated:  August 30, 2018

                                          Respectfully submitted,

                              By:    /s/ *Christopher V. Goodpastor*
                                          Christopher V. Goodpastor
                                          State Bar No. 00791991
                                          Andrew G. DiNovo
                                          State Bar No. 00790594
                                          Adam G. Price
                                          State Bar No. 24027750
                                          **DINOVO PRICE LLP**
                                          7000 N.  MoPac Expressway, Suite 350
                                          Austin, Texas  78731
                                          Telephone:  (512) 539-2626
                                          Facsimile:   (512) 539-2627
                                          Email: cgoodpastor@dinovoprice.com
                                                        adinovo@dinovoprice.com
                                                        aprice@dinovoprice.com

---

[22] (Ex. 3, June 15, 2017 Deposition of Robert Zeidman at 16:11-20) (describing consideration of Samsung proprietary code); *Id.* at 34:19-35:17 ████████████████████████████████████ ████████████████████ ); *Id.* at 54:19-55:14.

[23] In addition to contradicting controlling law, Defendants' motion seeks a facially unfounded remedy: Defendants seek to exclude not only Mr. Zeidman's source code analysis but all of his opinions relying thereon.

**FILED UNDER SEAL**

                    T. John Ward, Jr.
                    State Bar No. 00794818
                    Claire Abernathy Henry
                    State Bar No. 24053063
                    Wesley Hill
                    State Bar No. 24032294
                    WARD, SMITH & HILL, PLLC
                    P.O. Box 1231
                    Longview, Texas 75606-1231
                    Telephone: (903) 757-6400
                    Facsimile: (903) 757-2323
                    Email: jw@wsfirm.com
                            claire@wsfirm.com
                            wh@wsfirm.com

                    **ATTORNEYS FOR PLAINTIFF**
                    **PAPST LICENSING GMBH & CO. KG**

**FILED UNDER SEAL**

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

This is to certify that this response itself and accompanying Exhibits 1 – 3 to this document should be filed under seal because they contain material designated as confidential under the Stipulated Protective Order approved and entered in this case on July 27, 2016 (Dkt. 107).

*/s/ Christopher V. Goodpastor*
Christopher V. Goodpastor

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of August 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via e-mail.

*/s/ Christopher V. Goodpastor*
Christopher V. Goodpastor