# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| Papst Licensing GmbH & Co. KG,<br><br>        *Plaintiff*,<br>v.<br><br>Samsung Electronics Co., Ltd. and<br>Samsung Electronics America, Inc.,<br><br>        *Defendants*. | Civil Action No. 6:18-cv-0388-RWS<br><br>JURY TRIAL DEMANDED<br><br>**FILED UNDER SEAL** |

## SAMSUNG'S MOTION TO BIFURCATE
## WILLFUL INFRINGEMENT AND INDIRECT INFRINGEMENT

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Samsung") move the Court to bifurcate the issues of willful infringement and indirect infringement (both induced and contributory infringement) from the core issues of direct infringement, invalidity, and damages. Willful and indirect infringement both involve the troublesome issue of intent that is inextricably wrapped up in a decade of litigation in other forums. Introduction of evidence concerning intent will thus greatly complicate this case and lead to juror confusion and prejudice to Samsung.

### I.    FACTUAL BACKGROUND

Papst accuses Samsung of both willful and induced infringement. Both allegations require that Samsung had a mental state akin to intent, recklessness, or willful blindness (or "intent" as a shorthand) with regard to infringing the '449 patent. While Samsung had no such intent, trying this issue with the case-in-chief will raise a host of thorny issues involving many years of litigation elsewhere (including the District of Columbia, the Federal Circuit, and the PTAB). Trying such

confusing and potentially prejudicial issues along with the comparatively straight-forward issues of direct infringement, invalidity, and damages will complicate and prolong the trial, confuse the jury, and create potentially prejudicial issues.

Samsung's state-of-mind defense takes the form of a good-faith belief in noninfringement based in part upon events in the Multi-District Litigation in Washington, DC that began almost a decade before Papst ever sued Samsung Electronics in this District and which continues to this day. Both the D.C. District Court and the Federal Circuit have issued decisions concerning the scope of the claims of Papst's '449 patent. Under those decisions, Samsung has believed in good faith it cannot infringe. But to explain that to the jury in this case, the jury will have to learn of a decade of litigation in another forum. The jury will have to contend with the facts (1) that a different judge has construed the claims slightly differently than this Court, (2) that the Court of Appeals disagree in part and agreed in part with that other judge's constructions, and (3) that Samsung's mental state depends in part on factors outside of this specific lawsuit.

As explained below, the *sui generis* circumstances of this case call for bifurcation of willful and indirect infringement because the evidence of lack of intent that defeats both accusations will greatly complicate the trial, confuse the jury of laypersons, and lead to unfair prejudice.

## II.  LEGAL STANDARD

Rule 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b) (emphasis added). Courts routinely phase separate issues in patent cases before the same jury. *See, e.g.*, *VirnetX Inc. v. Apple Inc.*, 6:12-cv-855-RWS at DKT #500 (July 29, 2016) ("The issue of willfulness in both cases is BIFURCATED. Cause No. 6:10-cv-417 will be retried with jury selection to begin on September 26, 2016…and

immediately followed by a second trial on the issue of willfulness."); *Ericsson Inc. v. D-Link Corp.* 6:10-cv-473-LED at DKT #454 (E.D. Tex. May 24, 2013) ("The Court will conduct a bifurcated trial. The first portion of the trial will cover infringement, validity, and damages. If necessary, the second portion of the trial will cover willful infringement."); *Sociedad Espanola de Electromedicina y Calidad, S.A. v. Blue Ridge X-Ray Co, Inc.,* 226 F.Supp.3d 520, 525 (W.D.N.C. 2016) (holding two-phase trial on liability and damages/willfulness before the same jury); *Univ. of Pittsburgh of Com. Sys. of Higher Educ. v. Varian Med. Sys., Inc.*, No. 08CV1307, 2012 WL 639695, at *1 (W.D. Pa. Feb. 28, 2012) (ordering three-phase trial on willfulness, damages, and invalidity before the same jury); *Mike's Train House Inc. v. Broadway Ltd. Imports LLC*, No. JKB-09-2657, 2011 WL 1045630, at *3 (D.Md. March 17, 2011) (bifurcating willfulness, induced infringement, and damages from direct infringement).

In deciding whether to hold separate trials, courts must consider whether "the issue to be tried [is] so distinct and separable from the others that a trial of it alone may be had without injustice." *Swofford v. B & W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964). "Prejudice," both to the party seeking separate trials and the party opposing, "is the Court's most important consideration in deciding whether to order separate trials under Rule 42(b)" and courts must "balance the equities" in rendering their decisions. *Laitram Corp. v. Hewlett-Packard Co.*, 791 F.Supp. 113, 115 (E.D. La. 1992) (ordering that there be a single trial before the same jury divided into three separate phases: infringement/validity, damages, and willfulness). Courts also consider "conserv[ation of] judicial resources[] and enhance[ment of] juror comprehension of the issues presented in the case." *Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 520 (D. Del. 2002).

A finding of direct infringement is a necessary predicate to a finding of either indirect infringement (including both inducement and contributory infringement) or willful infringement. And both require a state of mind akin to intent, recklessness, or willful blindness. Willfulness

requires proof of infringement and conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or – indeed – characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). "In contrast to direct infringement, liability for inducing infringement attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'" *Commil USA LLC v. Cisco Sys. Inc.*, 135 S.Ct. 1920, 1926 (2015) (citing *Global-Tech Appliances Inc. v. SEB S.A.*, 563 U.S. 754, 131 S.Ct. 2060, 2068 (2011)). "Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Id.* at 1926 (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)).

### III. ARGUMENT

Samsung cannot be liable for indirect or willful infringement if it had a good faith belief that it did not infringe. In this case, the reasons that Samsung believes in good faith that it does not infringe any valid claim of the '449 patent are inextricably tied up with the Multi-District Litigation concerning that patent that has been pending since 2007. This history will inevitably confuse the jury and is irrelevant to the principal issues to be tried: infringement, invalidity, and damages.

The Court should solve this problem the same way Alexander the Great (356-323 B.C.) solved the problem of the Gordian Knot: split it in two. Specifically, the Court should bifurcate the issues of indirect infringement and willfulness for a second phase of trial if the jury finds any claim of the '449 patent infringed and not invalid.

In 2006, Papst began accusing multiple digital camera manufacturers of infringing the '399 and '449 patents. In October 2006, Casio responded by filing a declaratory judgment action against Papst in Washington, DC. After Papst was sanctioned for discovery misconduct, Papst began (in June 2007) suing multiple camera manufacturers across the country. Papst's hope was

to escape the court in Washington, DC by asking the Judicial Panel on Multi-District Litigation to consolidate all the cases in Chicago. Papst's escape plan failed in November 2007 when the JPML consolidated all the cases as a Multi-District Litigation (MDL) in Washington, DC assigned to the Hon. Rosemary Collyer. *See In re Papst Licensing GmbH & Co. KG Litig.*, 762 F.Supp.2d 56, 57-58 (D.D.C. 2011). Among the defendants was a company called Samsung Techwin Co., Ltd. (STW) and its U.S. subsidiary Samsung Opto-Electronics America, Inc. (SOA).[1]

The case proceeded before Judge Collyer, including a 3-day *Markman* hearing in September 2008. Judge Collyer issued a *Markman* Claim Construction Order in June 2009, which she modified, in part, in November 2009.

In both of those *Markman* Orders, Judge Collyer construed the "customary" terms (both "customary" devices and drivers) in the claims of the '399 and '449 patent as meaning "at the time of the invention." Specifically with regard to the '449 patent, Judge Collyer held:

> 14. . . . . [T]he phrase "a storage device customary in a host device" in the '449 Patent means a "storage *device* that was normally present within the chassis of most commercially available computers *at the time of the invention*."
>
> 15. . . . . [T]he phrase "the driver for the storage device customary in a host device" in the '449 Patent means "the customary *driver(s)* in a host device used to communicate with customary internal and external storage device(s), which driver(s) were normally present within the chassis of most commercially available computers *at the time of the invention*."

Modified *Markman* Order [MDL No. 1880 DKT #337] at 3-4 (emphasis added). Judge Collyer also adopted a number of other claim constructions favorable to the Camera Manufacturers' defenses. Based on these constructions, the Camera Manufacturers filed a number of motions for

---

[1] STW was a separate company from Samsung Electronics Co., Ltd. Specifically, they were separately publicly-traded companies with separate management. *See In re Papst*, 762 F.Supp.2d at 58-59. STW was primarily a defense contractor for the government of South Korea, but at that time it also sold digital cameras. STW is represented in the MDL by Drinker Biddle & Reath LLP, which also represents Samsung Electronics in this litigation.

summary judgment of noninfringement. Between March and October 2013, Judge Collyer largely granted these motions and, in November 2013, entered a final judgment of noninfringement for all accused products. [MDL No. 1880 DKT #560].

Parallel to these events, Samsung Electronics came into the picture. In 2009, STW spun off its camera business into a new stand-alone company called Samsung Digital Imaging Co., Ltd. In 2010, Samsung Electronics acquired that company and merged it into Samsung Electronics. *In re Papst*, 762 F.Supp.2d at 58-59. As of that point, Judge Collyer had already construed "customary" to mean "at the time of the invention" (that is March 1997), meaning that products (like the accused products) that identify as USB Mass Storage Class devices and that use USB Mass Storage Class drivers, neither of which even existed yet in 1997, could not possibly infringe.

In October 2010, Papst filed a motion in the MDL to amend its complaint against STW to add Samsung Electronics (and subsidiaries). In February 2011, Judge Collyer denied that motion to add Samsung Electronics to the MDL because, in part, "Papst could have brought suit against the Samsung Electronics entities well before the deadline imposed by this Court." *Id*. at 61. Papst did not ultimately sue Samsung Electronics until November 2015 in this District.

Papst appealed Judge Collyer's judgment of noninfringement to the Federal Circuit. In February 2015, the Court vacated several of Judge Collyer's claim constructions and remanded for further proceedings. *In re Papst Licensing Digital Camera Patent Litig.*, 778 F.3d 1255 (Fed.Cir. 2015). Nevertheless, the Federal Circuit *agreed* that "customary" in the '449 patent means "at the time of the invention":

> The written description makes clear that it is enough for the device to be one that was normally part of commercially available computer systems *at the time of the invention*.

*Id*. at 1270 (emphasis added).[2] This Court's claim construction of "customary" applied this Federal Circuit holding. *Claim Construction Opinion* of March 7, 2017 [DKT #275] at 27.

Additionally, the Federal Circuit discussed how the purported invention of the '449 patent misidentifies itself to a host computer:

> Nothing in the written description suggests that this depends on what non-host physical memory units hold the data *as long as the interface device mimics* the data-organizational tools expected by the host-native driver, such as directory structures for a hard-disk drive, to enable the host to gain access to it.

778 F. 3d at 1268 (emphasis added). Samsung acknowledges that this Court did not adopt Samsung proposed construction that the claims of the '449 patent are confined to situations where a device *always* misidentifies itself. Rather, this Court pointed to Papst's position on this issue:

> At the January 5, 2017 hearing, Plaintiff urged that the patentee distinguished prior art during prosecution based on the claimed invention being *capable* of misrepresenting, not necessarily always misrepresenting.

*Claim Construction Opinion* of March 7, 2017 [DKT #275] at 23 (italics in original). Respectfully, Samsung in good faith continues to believe its construction is the correct one though, of course, Samsung will not seek to have the jury apply the rejected claim construction. Nevertheless, this forms part of Samsung's good faith belief that it does not infringe, thus vitiating the mental state elements for indirect and willful infringement.[3]

Presenting these true facts concerning Samsung's mental state to the jury at the same time as the direct infringement and invalidity case will be monumentally confusing to the jury. The

---

[2] The Federal Circuit disagreed with Judge Collyer's construction that a customary storage device had to be "within the chassis" of a computer, but rather could be a peripheral device connected as part of a computer system. *Id*. at 1270.

[3] "The Supreme Court has explained that if an accused infringer "'reads the patent's claims differently from the plaintiff,' and if 'that reading is reasonable,' then the accused infringer should not be liable for indirect infringement." *Koninklijke Philips v. ZollMedical*, 656 F. App'x 504, 523(Fed. Cir. 2016) (citing *Commil*, 135 S.Ct. at 1928)).

jury will have to contend with the facts (1) that a different judge has construed the claims slightly differently than this Court, (2) that the Court of Appeals disagree in part and agreed in part with that other judge's constructions, and (3) that Samsung's mental state depends on factors outside of this specific lawsuit.

None of those facts is relevant to the issues of direct infringement or invalidity. But they are crucially relevant to Samsung's defense against accusations of indirect and willful infringement. To be fairly heard, Samsung must be permitted to introduce these facts. Doing so in a non-bifurcated trial, however, will encumber the jury with evidence irrelevant to the core issues of direct infringement and invalidity, but to which they might improperly assign evidentiary weight in reaching a verdict to the unfair prejudice of either party. *See VirnetX*, 6:12-cv-855-RWS at DKT #500 (July 29, 2016) (bifurcating willfulness); *Mike's Train House*, No. JKB-09-2657, 2011 WL 1045630, at *3 (bifurcating willfulness and inducement).

If the jury finds for Papst on direct infringement and invalidity, it will then be a relatively simple matter for the Court to then allow the parties to put on some brief evidence on the intent issues, a few additional jury instructions, and brief argument. This approach would prejudice no one, lead to a simpler and less contentious trial-in-chief, and be less confusing to the jury. And, if the jury finds the claims not infringed or invalid, there will be no need for a second phase at all.

Indeed, it is not only Samsung who wishes to present evidence concerning the MDL litigation to the jury. Papst does too. In response to Samsung's Interrogatory No. 3, seeking the basis for Papst's accusation of willfulness, ███████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

Furthermore, Papst is opposing Samsung's Motion *in Limine* No. 2 seeking to prevent Papst from charging Samsung Electronics with the knowledge of Samsung Techwin concerning the '449 patent and other events in the MDL . *See* DKT #79 at 2-4.

There is no good reason to burden and confuse the jury with these facts— to be offered by both parties — concerning Samsung's mental state that have no relevance to the core issues of direct infringement, invalidity, and damages.

## IV. CONCLUSION

Accordingly, in the interests of avoiding confusion for the jury, avoiding prejudice to the parties, and in fostering judicial economy, Samsung respectfully requests that the Court bifurcate the trial into two phases concerning: (1) direct infringement, invalidity, and damages, and (2) indirect and willful infringement.

Respectfully submitted,

Dated: October 1, 2018                                          */s/ Patrick J. Kelleher*

| | |
|---|---|
| Michael E. Jones | Patrick J. Kelleher |
| State Bar No. 10929400 | (LEAD COUNSEL) |
| **POTTER MINTON** | IL ARDC No. 6216338 |
| A Professional Corporation | Carrie A. Beyer |
| 110 N. College, Suite 500 | IL ARDC No. 6282524 |
| Tyler, Texas 75702 | **DRINKER BIDDLE & REATH LLP** |
| mikejones@potterminton.com | 191 North Wacker Drive, Suite 3700 |
| Phone: (903) 597-8311 | Chicago, IL 60606-1698 |
| Fax: (903) 593-0846 | patrick.kelleher@dbr.com |
| | carrie.beyer@dbr.com |
| Stephen E. McConnico | Phone: (312) 569-1000 |
| State Bar No. 13450300 | Fax: (312) 569-3000 |
| Kim Gustafson Bueno | |
| State Bar No. 24065345 | Francis DiGiovanni |
| **SCOTT DOUGLAS & MCCONNICO LLP** | DE Bar No. 3189 |
| 303 Colorado Street, Suite 2400 | Thatcher A. Rahmeier |
| Austin, Texas 78701 | DE Bar No. 5222 |
| smcconnico@scottdoug.com | **DRINKER BIDDLE & REATH LLP** |
| kbueno@scottdoug.com | 222 Delaware Ave., Suite 1410 |
| Phone: (512) 495-6300 | Wilmington, DE 19801 |

<div style="display: flex; justify-content: space-between;">

Fax: (512) 495-6399

*francis.digiovanni@dbr.com*
*thatcher.rahmeier@dbr.com*
Phone: (302) 467-4200
Fax: (302) 467-4201

Nick Colic
IL ARDC No. 6296112
**DRINKER BIDDLE & REATH LLP**
1500 K Street, N.W., Ste. 1100
Washington, DC 20005-1209
*nick.colic@dbr.com*
Phone: (202) 842-8800
Fax: (202) 842-8465

*Attorneys for*
*Samsung Electronics Co., Ltd. and*
*Samsung Electronics America, Inc.*

</div>

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was electronically filed in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3), on this 1st day of October, 2018.

*/s/ Patrick J. Kelleher*

## CERTIFICATE OF CONFERENCE

I hereby certify that a telephonic meet and confer was conducted on September 26, 2018, attended by counsel for Papst (Claire Abernathy Henry, Chris Goodpastor, and others) and counsel for Samsung (Michael Jones, Patrick Kelleher, Stephen McConnico, and others) as required by Local Rule CV-7(h), and that this motion is opposed.  No agreement could be reached because the parties disagree on the appropriateness of bifurcation.  The discussions are thus at an impasse with an open issue for the Court to resolve.

*/s/ Patrick J. Kelleher*